UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GONZALEZ PRODUCTION SYSTEMS, INC.,

    Plaintiff,

v.

MARTINREA INTERNATIONAL INC. and
MARTINREA HEAVY STAMPINGS INC.,

    Defendants and Counter-Plaintiff.

Case No. 2:13-cv-11544
Hon. Gershwin A. Drain
Mag. Steven Whalen

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT [#49] AND DENYING DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER [#58]

### I.   Introduction

This case is a breach of contract action between automotive supply companies. Plaintiff Gonzalez Production Systems, Inc. ("Gonzalez") is an automotive supplier that designs and builds robotic welding systems for its customers. Its customers are automotive manufactures and other automotive suppliers. Defendants Martinrea International, Inc. and Martinrea Heavy Stampings, Inc. ("Martinrea") are an automotive supplier.

Gonzalez and Martinrea entered into an agreement in which Gonzalez would manufacture an assembly line for Martinrea. The ultimate end user of the assembly line was the Ford Motor Company. The parties agreed that Martinrea would supply the robots and other parts

of the assembly line. The assembly was supposed to produce one part over a desired time interval. Gonzalez attributed the failure to make a part in the desired interval, to the parts that Martinrea supplied and required it to use. Gonzalez spent a considerable amount of time attempting to make the system work, but could not do so. Martinrea, upset with Gonzalez's inability to produce a working product with its equipment, refuse to pay Gonzalez. Gonzalez filed a Complaint for breach of contract against Martinrea in this Court on April 4, 2013. Presently before the Court is Gonzalez's Motion to Amend its Complaint. The Motion is fully briefed and the Court heard oral argument on the Motion on August 4, 2014. For the reasons that follow, the Court will DENY Plaintiff's Motion.

## II.     Factual Background

In October of 2010, Gonzalez and Martinrea entered into an agreement in which Gonzalez would manufacture an assembly line for Martinrea using Martinrea's equipment. Gonzalez began to make the assembly line using Martinrea's robots, weld guns, controllers, and other equipment. The parties agreed that the assembly line should produce one part every 44.3 seconds. Gonzalez advised Martinrea that it would need to use different equipment in order to create an assembly line that met the parties' expectation. Martinrea insisted that Gonzalez use its parts. When Gonzalez failed to produce the desired assembly line, Martinrea refused payment.

Gonzales filed an initial complaint against Martinrea International, Inc., but that was the parent company. Gonzalez's contract was with Martinrea Heavy Stampings, Inc. On May 17, 2013, Gonzalez filed an Amended Complaint ("AC") adding Martinrea Heavy Stampings, Inc. as a party. *See* Dkt. #8. Martinrea filed a Counterclaim on June 17, 2013. *See* Dkt. #15. Martinrea alleges breach of contract and seeks a declaration that its November 2011 purchase agreement with Gonzalez "represents a full settlement and release of any and all claims by Gonzalez for additional compensation[.]" *See Id.*

The Court conducted a scheduling conference with the parties in August of 2013, and the Court issued a Scheduling Order for this case on August 8, 2013. *See* Dkt. #21. Parties have engaged in extensive discovery for almost a year. The discovery in this matter has involved multiple motions. Some are still pending at the time of this Order. The Court adjourned the Scheduling Order on February 10, 2014. In the instant Motion, Plaintiff argues that its discovery on the issue of damages has yielded information that requires it to amend its Complaint a second time. After extensive review of the information Martinrea has produced, Plaintiff now seeks to add an additional count to the AC. Plaintiff seeks to add a count of quantum meruit or unjust enrichment.

### III.   Law and Analysis

#### A.  Standard of Review

Rule 15 of the Federal Rules of Civil Procedure governs amending pleadings. *See* Fed. R. Civ. P. 15. Courts liberally allow amendments under Rule 15(a). *Adkins v. Int'l Union of Elec., Radio & Mach. Workers, A.F.L.-C.I.O.*, 769 F.2d 330 (6th Cir. 1985). Parties can amend as a matter of course within twenty-one days of serving a pleading, or within twenty-one days of service of a responsive pleading or motion to dismiss. Fed. R. Civ. P. 15(a)(1). In other circumstances, parties can only amend with written permission of the opposing party or with leave from the court. *Id*. at (2). The court should freely grant leave in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies with prior amendments, undue prejudice to the opposing party by allowing the amendment or futility of the amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also United States v. Martsen Apartments, Inc.*, 175 F.R.D. 257, 260 (E.D. Mich. 1997) (holding the court abuses its discretion when it denies leave to amend in the absence of bad faith, frivolity, or delay). An amendment is futile if it cannot withstand a motion to dismiss under Rule 12(b)(6) of the Federal

Rules of Civil Procedure. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Plaintiff's claim must state such "facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face" in order to withstand a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### B. Plaintiffs Motion

Plaintiff argues that its discovery efforts have yielded information that requires it to amend its Complaint to make the pleadings match its damages model. According to Plaintiff, the second amended complaint clarifies Plaintiffs existing breach and quasi-contractual claims. Plaintiff seeks to add an unjust enrichment count. Plaintiff argues this claim seeks to prevent Martinrea from unjustly benefiting from work outside the parties' contract.

Martinrea asserts that both parties agree there is an unambiguous contract between them. Thus, Gonzalez's attempts at equitable recovery fail. *See Terry Barr Sales Agency, Inc. v. All-Llock, Co.*, 96 F.3d 174, 181 (6th Cir. 1996) (holding where parties have an enforceable contract and dispute its term, scope, or affect, one party cannot recover under promissory estoppel and unjust enrichment theories). If there is doubt as to the existence of the contract, plaintiff can plead implied contract claims. *Llewellyn-Jones v. Metro Prop. Group, LLC*, No. 13-cv-11977, 2014 WL 2214209, at *24 (E.D. Mich. May 27, 2014); *see Cascade Elec. Co. v. Rice*, 70 Mich.App. 420, 426–27, 245 N.W.2d 774 ( Mich. Ct. App. 1976) (finding that the plaintiff could argue for relief under expressed or implied contract theories because the plaintiff performed work that was not contemplated under the express contract). Martinrea takes the position that the parties' agreed that their agreement was the final unambiguous document governing the production of the assembly line. Thus, the parties' contract governs all disputes, and any amendment seeking equitable relief would be futile.

The AC states that Martinrea made expressed and implied promises to Gonzalez that it would compensate it for additional work. *See* AC at ¶ 68. The promises involved bringing the original assembly up to the standards of the original contract between the parties. Plaintiff's argument relates to the scope of the contract. Such an argument cannot advance if the parties have an expressed written agreement. Plaintiff cannot plead unjust enrichment because the dispute centers on the scope of a contract that neither party disputes exists. Because Plaintiff cannot seek relief on this ground, the count cannot survive a motion to dismiss. Thus, it is futile. Plaintiff will not be allowed to file a Second Amended Complaint.

### C. Defendants' Motion

Defendants filed a Motion to Modify the Scheduling Order in which they seek to adjourn the scheduling order dates in this case 120 days, and seek an order referring this case to private facilitation.

The Court has previously granted an extension of its Scheduling Order in February of 2014. The Court's original Scheduling Order gave parties the option to submit a proposed order referring this case to facilitation in lieu of case evaluation no later than May 15, 2014. *See* Dkt. #21. Parties failed to submit the order. The Court Adjourned Case Evaluation on June 18, 2014. *See* Dkt. #50. Discovery in this case is set to close on August 15, 2014, and there are discovery motions pending with the magistrate on this case. The Court will GRANT IN PART AND DENY PART Defendants' Motion.

The court will not adjourn the scheduling order, unless the magistrate judge grants the pending discovery motions. See Dkt. #35 & #56. The Court will allow parties to engage in facilitation in lieu of case evaluation. Parties shall submit a joint order referring this matter to facilitation no later than September 1, 2014. The order shall name the date of facilitation and the name of the facilitator. The facilitation shall occur no later than October 31, 2014.

## IV. Conclusion

For the forgoing reasons, Plaintiff's Motion to Amend [#49] is DENIED, and Defendants' Motion to Modify the Scheduling Order [#58] is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Judge

Dated: August 7, 2014