UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GONZALEZ PRODUCTION SYSTEMS,
INC.,

    Plaintiff,

v.

Case No. 13-cv-11544
Honorable Gershwin A. Drain

MARTINREA INTERNATIONAL INC.,
MARTINREA HEAVY STAMPINGS INC.,

    Defendants and Counter-Plaintiff.
_____/

### ORDER DENYING DEFENDANTS' MOTION FOR LIMITED RECONSIDERATION AND RELIEF CONCERNING THE SUMMARY JUDMGENT ORDER AS TO PROMISSORY ESTOPPEL, ONLY [#120]

**I. INTRODUCTION**

Plaintiff, Gonzalez Production Systems, Inc. ("Gonzalez"), commenced this action on April 4, 2013 against Defendant Martinrea International Inc. ("Martinrea International"). *See* Dkt. No. 1. On May 17, 2013, Plaintiff filed an Amended Complaint adding Martinrea Heavy Stampings, Inc. ("Martinrea Stampings") as an additional Defendant in this dispute. *See* Dkt. No. 8. In the Amended Complaint, Plaintiff contends that both Martinrea International and Martinrea Stampings (collectively "Martinrea" or "Defendants") are liable for breach of contract, or, in the alternative, liable in equity under the theory of promissory estoppel. *Id.*

On June 17, 2013, Defendant Martinrea Stampings filed a counterclaim against Gonzalez for breach of contract. *See* Dkt. No. 201. On November 17, 2014, this Court entered an Order Denying Martinrea's Motion for Summary Judgment and Granting Gonzalez's Motion for Summary Judgment. *See Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-cv-11544,

-1-

2014 WL 6455592, at *1 (E.D. Mich. Nov. 17, 2014). Presently before the Court is Martinrea's Motion for Limited Reconsideration and Relief Concerning this Court's Summary Judgment Order as to Promissory Estoppel, Only. *See* Dkt. No. 120.

Gonzalez requested an opportunity to file a Response to Martinrea's Motion. *See* Dkt. No. 121. The Court granted that request and provided Martinrea an opportunity to file a Reply in accordance with the local rules. *See* Dkt. No. 123. The Response was filed on December 26, 2014, and the Reply was filed on January 2, 2015. *See* Dkt. Nos. 144, 151. The Court has had an opportunity to thoroughly examine this matter. For the reasons stated below, the Court will **DENY** Martinrea's Motion for Reconsideration.

## II. BACKGROUND

Two findings from this Court's November 17, 2014 Order are relevant to the present Motion. First, with respect to the breach of contract claim, this Court found that a question of fact exists with respect to whether Martinrea breached the "Customer to Supply Items" provision of the agreement between the Parties. *Gonzalez Prod. Sys., Inc.*, 2014 WL 6455592, at *7-8. Specifically, the Court stated:

> Plaintiff maintains that the equipment provided by Defendant was not functional, as agreed upon by both parties, and that there is voluminous evidence and witness testimony demonstrating that Defendants breached their contractual responsibilities to supply and maintain the robots and related equipment necessary for Plaintiff to perform its work. . . . Given the competing and contradictory facts, the Court finds that a question of fact exist with respect to whether the Defendants breached the contract.

*Id.* at *8. With respect to the promissory estoppel claim, this Court found that a question of fact exists with respect to whether there was a promise on which Gonzalez reasonably relied. *Id.* at *9. With respect to this finding, the Court stated that the Plaintiffs:

> [A]lleged multiple purported instances of promises upon which they relied on a promise by Defendants. . . . Given the factual dispute regarding whether there was

-2-

> a clear and definite promise about the functionality of the robots, the Court finds that a question of fact exist for the jury to determine if there was in fact a clear and definite promise.

*Id.* at *9. Relying on these statements, amongst others, the Court denied Martinrea's Motion for Summary Judgment.

### III. LAW & ANALYSIS

#### A. Standard of Review

Motions for Reconsideration are governed by Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

#### B. Legal Analysis

Martinrea argues that the Court's November 17, 2014 Order was inconsistent and irreconcilable. Specifically, Martinrea emphasizes:

> Because the Court's Summary Judgment Order is premised upon the existence of undisputed, express, written contract language concerning Defendants' 'contractual responsibilities to supply and maintain the robots and related equipment necessary for Plaintiff to perform its work,' no claim for promissory estoppel can exist concerning the same subject matter.

Dkt. No. 120 at 5-6. Upon review of the Court's conclusion regarding promissory estoppel, Martinrea's confusion regarding the Court's findings is understandable. To be clear, the Court did not deny Martinrea's Summary Judgment Motion *only* on the rationale that there was a

factual dispute regarding whether there was a clear and definite promise about the functionality of the robots.

As Martinrea points out, the functionality of the robots is the same subject matter as the contract claim put forth by Gonzalez. "Where the parties have an enforceable contract [] and merely dispute its terms, scope or effect, one party cannot obtain recovery based upon promissory estoppel." *Sparton Tech., Inc. v. Util-Link, LLC*, 248 F. App'x 684, 690 (6th Cir. 2007) (citing, amongst other cases, *Terry Barr Sales Agency, Inc. v. All-Lock Company, Inc.,* 96 F.3d 174 (6th Cir.1996)). Thus, to deny Martinrea's Summary Judgment Motion only on this point would be an error of law made by the Court. *See* Dkt. No. 151 at 5; *see also Briggs v. Univ. of Detroit-Mercy*, No. 13-cv-12583, 2014 WL 2199629, at *6 (E.D. Mich. May 27, 2014) ("[U]nder Michigan law, an implied contract cannot be enforced where an express contract is in effect between the parties covering the same subject matter."); *Gore v. Flagstar Bank, FSB*, 474 Mich. 1075, 711 N.W.2d 330, 333 (2006) ("Promissory estoppel does not apply if the performance that satisfies the detrimental reliance requirement of the promissory estoppel claim is the same performance that represents consideration for the written contract."); 28 Am. Jur. 2d *Estoppel and Waiver* § 57 (2000) ("[P]romissory estoppel is not available when an unambiguous contract exists that covers the issue for which damages are sought.").

However, the Court's conclusion regarding promissory estoppel was not based solely on the specified contractual responsibilities regarding the robots and related equipment. With respect to the present Motion, a lack of clarity does not constitute a palpable defect warranting the outright dismissal of Gonzalez's promissory estoppel claim. Aside from the one sentence highlighted by Martinrea, the Court also noted that Gonzalez alleged multiple purported instances of promises made by Martinrea upon which Gonzalez relied. Of those promises, the

-4-

court specifically highlighted an email sent by Dan Saldana of Martinrea. *See Gonzalez Prod. Sys., Inc.*, 2014 WL 6455592, at *9. In the email, Saldana notified David Hayes of Gonzalez that: "In accordance with [Martinrea's] position since the start of this project, anything that is outside of Gonzalez' contracted scope will be paid as an adder." Dkt. No. 100-30 at 2.

As previously mentioned, the law is clear that "although contract and promissory estoppel claims may be pled in the alternative, a plaintiff cannot recover under both theories for the *same* promise." *Lynch v. Sease*, 244 F. App'x 736, 739 (6th Cir. 2007) (citing 28 Am.Jur.2d *Estoppel and Waiver* § 57 (2000)) (emphasis added). By definition, a promise is a representation as to future intent, not a past or present fact. *See* 28 Am. Jur. 2d *Estoppel and Waiver* § 48 (1966) (noting that promissory estoppel is "predicated on promises or assurances as to future conduct"); *see also* Restatement (Second) of Contracts § 2 (1981) ("A promise is a manifestation of intention to act or refrain from acting in a specified way. . . .").

Here, construing the evidence in a light most favorable to Gonzalez, Dan Saldana's email could reasonably be construed as a clear and definite promise. Critically, the email from Dan Saldana was an *additional* promise that covered "*anything that is outside of Gonzalez' contracted scope*[.]" Dkt. No. 100-30 at 2 (emphasis added). The Court cannot say that this additional promise to take care of anything outside of the contracted scope between the Parties is the same subject matter as the contract claim put forth by the Gonzalez.

Contrary to Martinrea's assertion, this holding is not meant to position "this case to go [to] trial on contract and implied contract claims that relate to the same subject matter[.]" Dkt. No. 151 at 6. Nor is this holding "one that is covered by the undisputed express written contract." *Id.* Instead, this holding addresses a *different* promise that forms the basis of the

promissory estoppel claim—the promise that "anything that is outside of Gonzalez' contracted scope will be paid as an adder." Dkt . No. 100-30 at 2.

The Court is not, as Martinrea implies, giving Gonzalez the proverbial "second bite at the apple in the event it fails to prove breach of contract." *Id.* (quoting *Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1042 (6th Cir. 1990)). The promise here is different from the agreement between the Parties, and does not encompass the same performance that constitutes consideration under the agreement between the parties. *See Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 395 (E.D. Mich. 2000) (finding that a genuine issue of material fact existed and holding that the *General Aviation* decision was inapplicable because the plaintiff in that case testified about an additional promise regarding obligations of the defendant, which required a different performance by the defendant that was not the same performance constituting consideration under the integrated written contract).

Even with inconsistencies between the breach of contract and promissory estoppel claims, the Court does not find it irreconcilable or inconsistent to permit Gonzalez to present both claims in this case. To the contrary, Michigan law definitely states that "[i]n presenting a case to a jury, a party need not choose between promissory estoppel and a contract claim. The party can state as many claims as he or she has, even if the claims are inconsistent." *Gore*, 474 Mich. at 1075, 711 N.W.2d at 332-33.

## IV. CONCLUSION

In conclusion, the Court notes that "[p]romissory estoppel developed to protect the ability of individuals to trust promises in circumstances where trust is essential. It is the value of trust that forms the basis of the entitlement to rely." *State Bank of Standish v. Curry*, 442 Mich. 76, 83-84, 500 N.W.2d 104, 107 (1993) (citing Farber & Matheson, *Beyond promissory estoppel: Contract law and the "Invisible Handshake,"* 52 U. CHI. L.R. 903, 928, 942 (1985)).  In light of the reasons for the development of promissory estoppel and in light of the facts currently before the Court, the Court will permit Gonzalez to present its breach of contract and promissory estoppel claims to the jury. For the reasons discussed, the Court will **DENY** Martinrea's Motion for Reconsideration.

      SO ORDERED.

Dated: January 9, 2015

                                                     /s/Gershwin A Drain
                                                     Hon. Gershwin A. Drain
                                                     United States District Court Judge