UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GONZALEZ PRODUCTION SYSTEMS,
INC.,

    Plaintiff,

v.                                                             Case No. 13-cv-11544
                                                                 Honorable Gershwin A. Drain

MARTINREA INTERNATIONAL INC.,
MARTINREA HEAVY STAMPINGS INC.,

    Defendants and Counter-Plaintiff.
_____/

**ORDER DENYING GONZALEZ'S MOTION TO BAR DOCUMENTS AND STRIKE PORTIONS OF MARTINREA'S EXPERT REPORT [#124], DENYING MARTINREA'S MOTION TO STRIKE GONZALEZ'S PROPOSED DAMAGES REPORT [#126], AND ISSUING SECOND AMENDED SCHEDULING ORDER**

**I. INTRODUCTION**

Plaintiff, Gonzalez Production Systems, Inc. ("Gonzalez"), commenced this action on April 4, 2013 against Defendant Martinrea International Inc. ("Martinrea International"). *See* Dkt. No. 1. On May 17, 2013, Plaintiff filed an Amended Complaint adding Martinrea Heavy Stampings, Inc. ("Martinrea Stampings") as an additional Defendant in this dispute. *See* Dkt. No. 8. In the Amended Complaint, Plaintiff contends that both Martinrea International and Martinrea Stampings (collectively "Martinrea" or "Defendants") are liable for breach of contract, or, in the alternative, liable in equity under the theory of promissory estoppel. *Id.*

On June 17, 2013, Defendant Martinrea Stampings filed a counterclaim against Gonzalez for breach of contract. *See* Dkt. No. 20. On November 17, 2014, this Court entered an Order Denying Martinrea's Motion for Summary Judgment and Granting Gonzalez's Motion for Partial

-1-

Summary Judgment. *See Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-cv-11544, 2014 WL 6455592, at *1 (E.D. Mich. Nov. 17, 2014).

Presently before the Court is Gonzalez's Motion to Bar Documents and Strike Portions of Martinrea's Expert Report. *See* Dkt. No. 124. Also before the Court is Martinrea's Motion to Strike Gonzalez's Proposed Damage Report. *See* Dkt. No. 126. For the reasons discussed herein the Court will **DENY** both Motions and amend this case's Scheduling Order.

## II. BACKGROUND

This Court issued a Scheduling Order on February 10, 2014. The Order established, in relevant part, that the close of discovery would be August 15, 2014. Because a deadline for expert disclosures was not provided by the Court, the deadline for the disclosure of expert reports in this case was 90 days before the date set for trial, or November 26, 2014.

On November 21, 2014, Martinrea supplemented its discovery responses by producing 332 pages of financial documentation in support of its counterclaim. On November 25, 2014, Martinrea delivered a report from its testifying damages expert, Mark Robinson ("Mr. Robinson"). Mr. Robinson's expert report claims that Martinrea's damages total $14,472,130. Gonzalez requests that all documents relating to Martinrea's damages be barred because they were withheld during discovery and produced in an untimely manner. Further, Gonzalez requests that any portion of Mr. Robinson's damages report relying on the previously-withheld documents be stricken.

On November 26, 2014 Gonzalez delivered its own expert report from its testifying damages expert, Larry Simon ("Mr. Simon"). Mr. Simon's report claims that Gonzalez's damages total $15,831,197. On December 10, 2014, in preparation for the Mr. Simon's deposition, Gonzalez provided Martinrea with a CD containing the entirety of Mr. Simon's work

-2-

papers. Martinrea requests that Mr. Simon's entire damages report be stricken on the grounds that it relies on documents Gonzalez failed to timely produce. Further, Martinrea asserts that Mr. Simon's report fails to connect the assumptions and proposed opinions contained in it to any documents produced by Gonzalez.

### III. LAW & ANALYSIS

**A.     Standard of Review**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, if a party wishes to use a witness who will present expert testimony, the party must disclose the identity of the witness. *See* Fed. R. Civ. P. 26(a)(2)(A). The disclosure of the witness "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *See* Fed. R. Civ. P. 26(a)(2)(B).

Rule 26 puts forth six minimum requirements for what must be contained in the written reports disclosed by expert witness. Three are relevant to the present Motions. A report must contain:

> (i)     a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii)    the facts or data considered by the witness in forming them; [and]
>
> (iii)   any exhibits that will be used to summarize or support them[.]

Fed. R. Civ. P. 26 (a)(2)(B)(i)-(iii). In 2010, Rule 26(a)(2)(B)(ii) was "amended to provide that disclosure include all 'facts or data considered by the witness in forming' the opinions to be offered, rather than the 'data or other information' disclosure prescribed in 1993." 2010 Advisory Committee Notes to Fed. R. Civ. P. 26, Subdivision (a)(2)(B).

The amendment was "intended to alter the outcome in cases that [] relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports." *Id*. With respect to experts, specifically, the comments to Rule 26 explain:

> The refocus of disclosure on "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel. At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert.

*Id.* Accordingly, per the 2010 amendment to Rule 26, the disclosure obligation for experts is interpreted broadly, requiring, not only the material relied upon, but also any material *considered* by the expert in producing the report to be disclosed.

Additionally, Rule 26 puts forth deadlines for the disclosure of expert reports. Rule 26 requires expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "Absent a stipulation or a court order" regarding expert disclosures, which is the case here, "the disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial[.]" Fed. R. Civ. P. 26 (a)(2)(D)(i). If parties wish to supplement expert disclosures, the parties must supplement the disclosures when required under Rule 26(e). *See* Fed. R. Civ. P. 26(a)(2)(E).

Generally, pursuant to Rule 26(e), a party who has made a disclosure under Rule 26(a) must supplement its disclosure "in a *timely* manner if the party learns that in some material respect the disclosure [under subdivision (a)] . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A) (emphasis added).

With respect to an expert from whom a report must be disclosed pursuant to Rule 26(a)(2)(B), however, there is an additional duty to supplement disclosures. This duty "to supplement extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). "Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.*

The comments to Rule 26 explain that "[s]upplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." 2010 Advisory Committee Notes to Fed. R. Civ. P. 26, Subdivision (e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," Rule 37 provides that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 396 (6th Cir. 2010).

**B.     Legal Analysis**

As recognized by both Parties, the key to supplementation is that it must be timely or else a party may lose the ability to use information pursuant to Rule 37(c). *See* Dkt. No. 124 at 13-14 (citing Fed. R. Civ. P. 37(c)(1), and citing *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 755-756 (E.D. Mich. 2008), for the proposition that "information produced 6-8 weeks before the close of discovery should be excluded where the defendant had the information in its possession for a year but waited until the day before Rule 30(b)(6) deposition of defendant to provide opposing counsel with it"); *see also* Dkt. No. 126 at 16 (same).

Both Parties also recognize that "[c]ase law suggests that in the absence of a showing by the proponent that the withholding of evidence form timely disclosure was 'harmless' or

substantially justified,' its exclusion from trial is 'automatic and mandatory.'" *See* Dkt. No. 124 at 14 (citing *Saint Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, 666 F. Supp. 2d 820, 826 (N.D. Ohio 2009), which quotes *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C.,* 388 F.3d 976, 983 (6th Cir. 2004)) (emphasis added); *see also* Dkt. No. 126 at 16 (same).

In making its decision, the Court acknowledges that the Rule 37 sanction "is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless.'" *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport,* 596 F.3d 357, 370 (6th Cir. 2010) (quoting *Vance ex rel Hammons v. United States,* 182 F.3d 920 (6th Cir. 1999)). The burden is on the potentially sanctioned party to prove the failure was harmless and avoid automatic sanctions. *See Everlight Electronics, Co. v. Nichia Corp.*, No. 12-CV-11758, 2014 WL 3925276, at *5 (E.D. Mich. Aug. 12, 2014) (citing *R.C. Olmstead, Inc. v. CU Interface, LLC,* 606 F.3d 262, 271 (6th Cir. 2010)); *see also El Camino Res., Ltd. v. Huntington Nat. Bank*, No. 1:07-CV-598, 2009 WL 1228680, at *2 (W.D. Mich. Apr. 30, 2009) (citing *Roberts ex rel. Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir. 2003)).

Nevertheless, the Court notes that "despite the mandatory language of the rule, the appellate courts continue to insist that [exclusion pursuant to Rule 37(c)(1)] falls within the sound discretion of the trial court." *El Camino Res., Ltd.*, 2009 WL 1228680, at *2 (citing *Roberts ex rel. Johnson,* 325 F.3d at 782); *accord Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297 (2d Cir. 2006) (stating that preclusion remains discretionary, even where nondisclosing party has not met its burden to show that violation was justified or harmless); *see also Pride v. BIC Corp.,* 218 F.3d 566, 578 (6th Cir. 2000) ("[Trial] courts have broad discretion to exclude untimely disclosed expert-witness testimony."); *McCarthy v. Option One Mortgage Corp.,* 362 F.3d 1008, 1012 (7th Cir. 2004) ("[trial] courts enjoy broad discretion in controlling

discovery."); *S. States Rack & Fixture, Inc. v. Sherwin–Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003) (stating trial courts have "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis"); *Laplace–Bayard v. Batlle,* 295 F.3d 157, 162 (1st Cir. 2002) ("[Trial] courts have broad discretion in meting out Rule 37(c) sanctions for Rule 26 violations."); *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002) ("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the [trial] court.").

In determining whether nondisclosure is harmless, courts look at a number of factors, but the principal factor is whether the opponent will be prejudiced or surprised. *See, e.g., El Camino Res., Ltd.*, 2009 WL 1228680, at *2 (citing *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003)). The Advisory Committee Comments note that "[l]imiting the automatic sanction to violations without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly *harsh* penalties in a variety of situations[.]" Fed. R. Civ. P. 37 Advisory Committee Notes, 1993 Amends. (emphasis added). In using its broad discretion, this Court finds that the harsh penalty of excluding expert reports is not warranted, and that the Parties have met their burden of showing that their failure to timely supplement their respective expert reports was harmless.

**1. Martinrea's November 21, 2014 disclosure was harmless. The documents from the disclosure will not be barred, and the Court will not strike Mr. Robinson's report.**

As previously discussed, the expert reports in this case were due on November 26, 2014. On November 21, 2014, Martinrea supplemented its discovery responses via email by producing 332 pages of financial documentation in support of its counterclaim. *See* Dkt. No. 124-8 at 2. According to Martinrea, the documents delivered on November 21 consisted of "supplemental document production" that was being made "pursuant to Fed. R. Civ. P. 26(e)(2)." *Id.* at 3. The

-7-

documents delivered included the "bates labeled M0010265 through M0010597." *Id.* On November 25, 2014, Martinrea provided Gonzalez with its expert report from Mr. Robinson. *See* Dkt. No. 125.

Martinrea maintains that Gonzalez never served any requests specifically asking Martinrea to identify its damages and only made a catch-all discovery request. *See* Dkt. No. 134 at 6-8. Furthermore, Martinrea downplays the importance of the documents provided in the supplemental disclosure, arguing that the documents are merely the Collective Bargaining Agreement and the Plant Operations Schedule. *Id.* at 7-8. According to Martinrea, the data in these documents is harmless, "is not disputable, is not controversial, and is not the type of data about which Gonzalez could attempt to conduct some elaborate fact discovery." *Id.* at 10. Given the content of the material provided by Martinrea, and the Court's broad discretion in interpreting this matter, the Court finds that the disclosure was harmless and the harsh penalty of barring the documents and striking portions of Mr. Robinson's report is unwarranted.

**2. Gonzalez's December 10, 2014 disclosure of the Doreen Mayhew Workpapers was harmless, and the court will not strike portions of Mr. Simon's report.**

With respect to Mr. Simon's report, it appears Gonzalez did timely provide the source documents relied upon by Mr. Simon. *See* Dkt. No. 132 at 17; Dkt. No. 131 at 4. Thus, the crux of the Parties disagreement lies in the disclosure of Mr. Simon's "work papers," which Martinrea argues should have been attached to Mr. Simon's expert report.

Gonzalez contends that disclosing Mr. Simon's work papers "is not standard practice or reasonable, as Mr. Simon's work papers contain the voluminous documents that Gonzalez produced in discovery and identified as his foundational damages documents." Dkt. No. 131-8. Nonetheless, Gonzalez did inform Martinrea that these documents would be available at Mr. Simon's deposition, and that Gonzalez would produce the work papers in advance of the

deposition to quell any unfounded concerns of Martinrea. *See id*. The work papers were, in fact, disclosed on December 10, 2014. Dkt. No. 131-10. Because these papers were disclosed a week prior to Martinrea's deposition of Mr. Simon a week later, and because Martinrea had enough information to conduct an in-depth 10 hour deposition of Mr. Simon, the Court finds that the disclosure was harmless and striking Mr. Simon's report is unwarranted.

   3. **Even though the Court finds that the disclosures were harmless, the Court notes that both Parties disclosures were untimely. Consequently, the Court will amend the Scheduling Order to quell concerns regarding prejudice moving forward.**

While Martinrea contends that Gonzalez has mislead the Court, and that Gonzalez is not actually prejudiced, the Court notes that Martinrea's justification for its own supplemental disclosure on November 21, 2014 was barely sufficient. Even though Martinrea argues that its disclosure was harmless, the information provided in Martinrea's disclosure—Bates labeled M0010265 through M0010597—is referenced throughout Mr. Robinson's report. *See* Dkt. No. 125 at 23 n.82, 25 n.84, 23 n.87-89, 28, 29, 35, 94, 115, 121. "Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." 2010 Advisory Committee Notes to Fed. R. Civ. P. 26, Subdivision (e). By highlighting the fact that Martinrea waited to supplement its expert disclosure three days prior to the deadline for expert reports, Gonzalez makes a persuasive point that it may be prejudiced before trial.

Similarly, Martinrea makes a persuasive point that it may be prejudiced by Gonzalez's failure to produce Mr. Simon's work papers. While Gonzalez feels that the disclosure of work papers is not standard practice, the Court finds that the December 10, 2014 disclosure of the work papers was problematic. As previously mentioned, Rule 26 was "amended to provide that disclosure include all 'facts or data considered by the witness in forming' the opinions to be offered, rather than the 'data or other information' disclosure prescribed in 1993." 2010

Advisory Committee Notes to Fed. R. Civ. P. 26, Subdivision (a)(2)(B). "The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." *Id.*

Mr. Simon references the "Doreen Mayhew Workpapers" throughout his expert report. *See* Dkt. No. 130 at 19, 22, 26-27, 30, 32, 32 n.27, 41-43. Per the 2010 amendment to Rule 26, the disclosure obligation for experts is to be interpreted broadly, requiring, not only the material relied upon, but also any material *considered* by the expert in producing the report to be disclosed. 2010 Advisory Committee Notes to Fed. R. Civ. P. 26, Subdivision (a)(2)(B). Here, it appears Mr. Simon not only considered the Doreen Mayhew Workpapers, but also relied upon them in creating his expert report. *See* Dkt. No. 146 at 2-3 (stating that Mr. Simon testified at his deposition that the materials provided on December 10, 2014 were part of, and integral components to, the expert report).

If the work papers were integral components to the report, Mr. Simon had a duty to provide information included in the report the day the report was completed. Though Gonzalez was not required to make the disclosure as each new item of information was learned, it should have been made during the discovery period as Gonzalez became aware that Mr. Simon was relying on the work papers. *See* 2010 Advisory Committee Notes to Fed. R. Civ. P. 26, Subdivision (e). Instead, Gonzalez spent its time disputing whether it was necessary to provide such information.

Given the actions of the Parties, the Court strongly considered granting both Motions to strike portions of the expert reports. However, the Court concludes that excluding both expert reports weeks before trial would be a harsh sanction in this situation. The Court notes that "district courts have 'broad discretion to enforce their scheduling orders[.]'" *Magna Donnelly*

*Corp. v. 3M Co.*, No. 07-CV-10688, 2012 WL 882799, at *4 (E.D. Mich. Feb. 24, 2012) *report and recommendation adopted*, No. 07-10688, 2012 WL 858628 (E.D. Mich. Mar. 14, 2012) (citing *Estes v. King's Daughters Med. Ctr.,* 59 F. App'x 749, 752–53 (6th Cir. 2003)).

This being the case, the Court will amend the Scheduling Order to avoid excluding the expert reports, and quell any concerns about prejudice to the Parties. Pursuant to the Amended Scheduling Order the Parties will have additional time to review the documents related to the expert reports and take depositions of Mr. Robinson and Mr. Simon.

## IV. CONCLUSION

In conclusion, the Court notes that the recent disputes could have easily been worked out between the Parties. The accusations in the briefing indicate that the Parties are bordering on conduct that runs afoul of this District's Civility Principles. The Court admonishes all counsel to review this District's Civility Principles and to conduct themselves accordingly moving forward. *See Eastern District of Michigan Civility Principles, Preamble,* available at https://www.mied.uscourts.gov/PDFFIles/08-AO-009.pdf ("Conduct that may be characterized as uncivil, abrasive, abusive, hostile or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully and efficiently.").

For the reasons discussed, the Court **DENIES** the Motions of both Parties.

Furthermore, **IT IS HEREBY ORDERED** that the following dates will govern this case:

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES[1] | |
|---|---|
| Final Date to Depose Mark Robinson and Larry Simon: | April 7, 2015 |
| Motions *in Limine* due: | May 5, 2015 |
| Final Pretrial Order due: | June 16, 2015 |
| Final Pretrial Conference: | June 30, 2015 at 10:00 a.m. |

---

[1] If the Parties have any concerns with these dates moving forward, the Parties may submit a Stipulated Order recommending different dates for the Court's consideration.

| Trial Date: | August 11, 2015 at 9:00 a.m. |
|---|---|
| Jury Trial | |
| Estimated Length of Trial: 4-5 weeks | |

I.  **TIME**.  Computation of time under this order and under any notice of any scheduling order or notice in this case shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

II. **FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER**.  The Final Pretrial Order must be submitted through the document utilities function of the CM/ECF on or before the date set by this order.  All witnesses must be listed in the Final Pretrial Order.  Witnesses may only be added to the Final Pretrial Order by stipulation of the parties and leave of court.  Counsel shall follow the procedure outlined below to prepare for the final pretrial conference and the Final Pretrial Order:

   A.  Counsel for all parties are directed to confer in person (face to face) at their earliest convenience in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph, and (3) exchange documents that will be offered in evidence at trial.  It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of opposing counsel to respond to plaintiff's counsel and to offer full cooperation and assistance.  If, after reasonable effort, any party cannot obtain the cooperation of opposing counsel, it shall be his or her duty to communicate with the court.  The Final Pretrial Order shall fulfill the parties' disclosure obligations under Federal Rule of Civil Procedure 26(a)(3), unless the Judge orders otherwise.  All objections specified in Rule 26(a)(3) shall be made in this order.  <u>Counsel for plaintiff</u> shall prepare a draft Final Pretrial Order and submit it to opposing counsel, after which all counsel will jointly submit the proposed order.  The Final Pretrial Order should provide for the signature of the court, which, when signed, will become an Order of the court.  The proposed Final Pretrial Order <u>shall strictly comply with the requirements of Local Rule 16.2</u>.

   \* **Pursuant to Local Rule 16.2(b)(9), any objection based on foundation or authenticity will be deemed waived if not raised before trial.**

   B.  The following persons shall personally attend the final pretrial conference:
   1) Trial counsel for each party;
   2) All parties who are natural persons;
   3) A representative on behalf of any other party;
   4) A representative of any insurance carrier that has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

   Representatives must possess full authority to engage in settlement discussions and to agree upon a full and final settlement.  "Personal attendance" by each party

-12-

        is not satisfied by (1) trial counsel professing to have full authority on behalf of the client or (2) a party being available by telephone.

III.    <u>At least ONE WEEK</u> prior to the beginning of trial, counsel shall furnish to the court the following:

    A.    In jury cases, any requests for <u>VOIR DIRE</u>, proposed <u>JOINT JURY INSTRUCTIONS</u> and the <u>VERDICT FORM</u>.  The parties shall file with the court a single set of proposed, stipulated jury instructions and a single, proposed verdict form.  The instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08").  Additionally, each party shall separately file any additional proposed instructions to which any other party objects.  The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching an agreement as to an acceptable form.

    B.    In a non-jury case, proposed <u>FINDINGS OF FACT</u> and <u>CONCLUSIONS OF LAW.</u>

    C.    A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

V.    **EXHIBITS**.  Counsel are required to mark all proposed exhibits in advance of trial. Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters.  A consecutive number and lettering system should be used by each party. The parties are required to exchange marked exhibits three days prior to the start of trial. Counsel are also required to maintain a record of all admitted exhibits during trial.  See attached exhibit form.  Counsel for each party must keep custody of that party's admitted exhibits during trial.  A party who objects to this provision must file a written objection prior to jury selection.

VI.    **JUDGE'S COPIES.**  A paper copy of electronically filed motions, briefs, attachments, responses, replies, proposed Final Pretrial Order, and proposed Joint Jury Instructions (with disc) MUST be delivered directly to the Judge's chambers and labeled Judge's copy.

VII.    The court will not allow counsel not admitted in the Eastern District to practice upon a special motion.  All inquiries regarding admission to this district must be directed to the Clerk's office at (313) 234-5005.

VIII.    **LOCAL COUNSEL**.  An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district.  Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f).
SO ORDERED.

-14-

Dated: January 26, 2015

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge