UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GONZALEZ PRODUCTION SYSTEMS,
INC.,

    Plaintiff and Counter-Defendant,

v.

MARTINREA INTERNATIONAL INC.,

    Defendant,

MARTINREA HEAVY STAMPINGS INC.,

    Defendant and Counter-Plaintiff.
    _____/

Case No. 13-cv-11544
Honorable Gershwin A. Drain

**OPINION AND ORDER DENYING GONZALEZ'S MOTION REGARDING TRIAL WITNESSES [#153] WITHOUT PREJUDICE, AND GRANTING GONZALEZ'S MOTION OT QUASH MARTINREA'S DISCOVERY SUBPOENA TO LELAND BOREN [#154]**

**I. INTRODUCTION**

Plaintiff, Gonzalez Production Systems, Inc. ("Gonzalez"), commenced this action on April 4, 2013 against Defendant Martinrea International Inc. ("Martinrea International"). *See* Dkt. No. 1.  On May 17, 2013, Plaintiff filed an Amended Complaint adding Martinrea Heavy Stampings, Inc. ("Martinrea Stampings") as an additional Defendant in this dispute. *See* Dkt. No. 8.  In the Amended Complaint, Plaintiff contends that both Martinrea International and Martinrea Stampings (collectively "Martinrea" or "Defendants") are liable for breach of contract, or, in the alternative, liable in equity under the theory of promissory estoppel. *Id.* On June 17, 2013, Defendant Martinrea Stampings filed a counterclaim against Gonzalez for breach of contract. *See* Dkt. No. 20.  Discovery closed in this case on August 15, 2014.

Presently before the Court are two Motions filed by Gonzalez in January of 2015: a Motion Regarding Trial Witnesses [#153], and a Motion to Quash Martinrea's Discovery Subpoena to Leland Boren [#154]. Gonzalez filed the present motions with the expectation that trial would take place on February 24, 2014. However, on January 26, 2015, the Court adjourned the trial date in order to prevent the exclusion of the Parties' expert reports, and to quell any concerns of prejudice. *See Gonzalez Prod. Sys., Inc. v. Martinrea Int'l, Inc.*, No. 13-CV-11544, 2015 WL 348710, at *5-7 (E.D. Mich. Jan. 26, 2015). On February 10, 2015, the Parties stipulated to adjourning the trial date to September 22, 2015. *See* Dkt. No. 161.

As a result of the trial's adjournment, and after reviewing the briefing of both Parties, the Court finds that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the pending Motions on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed herein, the Court will **DENY** Gonzalez's Motion Regarding Trial Witnesses **WIHTOUT PREJUDICE** in light of the new trial date for this case and an apparent agreement between the Parties. Additionally, the Court will **GRANT** Gonzalez's Motion to Quash Martinrea's Discovery Subpoena to Leland Boren because Martinrea has not demonstrated good cause to reopen discovery.

### III. LAW AND ANALYSIS

#### A. LEGAL STANDARD

"In civil cases, a party is entitled to call an adverse party or witness identified with him and interrogate by leading questions." Fed. R. Evid. 611(c) advisory committee notes (1974); *see also Chonich v. Wayne Cnty. Cmty. Coll.*, 874 F.2d 359, 368 (6th Cir. 1989) (noting that a district court's decision to permit a party to call adverse witnesses during its case-in-chief "falls within the trial court's sound discretion[.]").

This Court has considerable discretion when conducting a trial. *See*, *e.g.*, *Howard v. Bd. of Educ. of Memphis City Sch.*, 70 F. App'x 272, 279 (6th Cir. 2003) (citing *Boyle v. Revici,* 961 F.2d 1060, 1063 (8th Cir. 1992), which found no abuse of discretion in permitting witnesses to testify out of order). However, when it comes to witnesses that take part in a trial, the Federal Rules of Civil Procedure place limits on the power this Court may exercise. *See* Fed. R. Civ. P. 45 (outlining the federal courts' subpoena power).

For example, Rule 45(c) of the Federal Rules of Civil Procedure provides a territorial limitation on this Court's ability to subpoena a party or non-party to travel more than "100 miles from where that person resides, is employed, or regularly transacts business." Fed. R. Civ. P. 45(c)(3)(A)(ii).

Similarly, Rule 45(d) of the Federal Rules of Civil Procedure imposes a duty on an attorney or party invoking the Court's subpoena power to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and requires courts to enforce that duty through the imposition of "an appropriate sanction," including reasonable attorney fees. *See* Fed. R. Civ. P. 45(d)(1). Upon a timely motion, the Court *must* quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

Here, now that discovery is closed, the Parties focus on reopening discovery in order to allow a *duces tecum* deposition of a witness. Issues regarding the taking and use of depositions are entrusted to the sound discretion of the district court. *Trempel v. Roadway,* 194 F.3d 708 (6th Cir. 1999); *Cardinal Fastener & Specialty Co., Inc. v. Progress Bank,* 67 Fed. Appx. 343, 346 (6th Cir. 2003). Likewise, "the decision to quash a pre-trial subpoena duces tecum 'must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues.'" *Ghandi v. Police Dep't of*

*City of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984) (quoting *United States v. Nixon,* 418 U.S. 683, 702, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039 (1974)).

### B. LEGAL ANALYSIS

As previously mentioned there are two Motions presently pending before the Court. In the first Motion, Gonzalez seeks an Order from this Court requiring Martinrea to procure attendance of five of Martinrea's current and former employees during Gonzalez's case-in-chief. *See* Dkt. No. 153 at 8. Martinrea contends it never suggested that Gonzalez could not call adverse witnesses during Gonzalez's case-in chief, but instead contends that it "merely advised Gonzalez's counsel that none of the witnesses about which Gonzalez inquired live or work within a 100 mile radius of the Eastern District of Michigan and therefore are beyond the subpoena power of this Court[.]" Dkt. No. 156 at 4.

After reviewing the briefing in this matter, it appears there was a misunderstanding between the Parties regarding the appearance of the Martinrea witnesses. *See* Dkt. No. 156-2 at 2. However, it also appears that there was an agreement between the Parties regarding arrangements for the witnesses to appear live during Gonzalez's case-in-chief when the trial does begin. *See id.* at 2-3.

As Martinrea notes, the trial's adjournment makes Gonzalez's Motion, regarding the appearance of witnesses at a February 24, 2015 trial, moot. Furthermore, the Court believes the Parties will be able to work out this matter given Martinrea's counsel's statement that he "looks forward to working with [opposing counsel] cooperatively" and the fact that Gonzalez did not file a Reply to Martinrea's Response. As such, the Court will **DENY** Gonzalez's Motion Regarding Trial Witnesses [#153] **WITHOUT PREJUDICE**.

With respect to the second Motion, Gonzalez requests that this Court enter an Order quashing a deposition subpoena issued by Martinrea to Mr. Leland Boren. *See* Dkt. No. 154 at 6.

In its Response, Martinrea requests that his Court enter an Order "denying Gonzalez's motion to quash and granting Martinrea leave to enforce its *de benne esse duces tecum* subpoena to Leland Boren" because Martinrea asserts that there is good cause to allow it and "[f]undamental fairness and justice" require it. *See* Dkt. No. 157 at 13. In the alternative, Martinrea requests that this Court strike Gonzalez's "alleged $6 million stock transfer damage claim." *Id.*

The court will grant Gonzalez's request and deny both of Martinrea's requests. The Court finds that Martinrea has not demonstrated good cause for the reopening of discovery for a *duces tecum* deposition. Martinrea argues that good cause exists to allow Martinrea to depose and obtain documents from Leland Boren for the following reasons:

1. Trial is not scheduled to occur in this matter for more than six months and Gonzalez's time crunch complaints about a February 201[5] trial date are now moot;
2. Mr. Boren resides in Indiana and is outside of the Court's subpoena power for purposes of his live appearance at trial;
3. Mr. Boren is over ninety years old, lives in Indiana, and his appearance in person at trial (in August of 2015 or after) is, in any event, uncertain;
4. Over $6 million of Gonzalez's purported $15 million damage claims are based on an alleged stock transfer transaction from Gary Gonzalez to Leland Boren;
5. Martinrea was not advised of Leland Boren's role in Gonzalez's claimed damages until over three months after the close of discovery on November 26, 201[4] and had no reason to take his deposition during discovery; and
6. Justice would be served by allowing Martinrea an opportunity to develop the facts and evidence surrounding Leland Boren's role in Gonzalez's alleged damage claims.

Dkt. No. 157 at 2. The Court disagrees.

The reasons provided by Martinrea are not compelling. The first two points advanced by Martinrea are undermined by Gonzalez's contention that "Martinrea has been repeatedly told that Mr. Boren is available to testify live at trial." Dkt. No. 154 at 6; *see also* Dkt. No. 156-2 at 3

(seeking affirmation to "re-confirm" that Gonzalez would agree to produce Mr. Boren live at trial during Martinrea's case-in-chief).

Martinrea's third point, that Mr. Boren's availability at trial is uncertain due to his age, is unsupported by any facts. Martinrea does not offer any evidence that Mr. Boren's health is in question. Meanwhile, Gonzalez claims that Mr. Boren is still a "healthy and active businessman." Dkt. No. 162 at 3. The Court will not subject Mr. Boren to depositions simply because he is 90 years old.

Martinrea's last three points—and the tone of its Response—seem to imply that Martinrea is seeking to depose Mr. Boren to undermine and exclude the damage report of Larry Simon. *See* Dkt. No. 157 at 12; *see also id.* at 4 ("If Gonzalez agrees to formally withdraw its alleged $6 million damage claim . . . Martinrea has no need to subpoena Mr. Boren[.]"); *id* at12 n.1 (noting that "Martinrea will *also* move to exclude the proposed Larry Simon damage opinions *on other* grounds[.]") (emphases added).

Put simply, the Court will not reopen discovery in order to permit Martinrea to "protect against the *possibility* that the Court *might* allow Gonzalez's specious damage claim." Dkt. No. 157 at 10 (emphases added). As discussed, Rule 45(d) of the Federal Rules of Civil Procedure imposes a duty on an attorney or party invoking the Court's subpoena power to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. *See* Fed. R. Civ. P. 45(d)(1). Upon a timely motion, the Court *must* quash a subpoena that "subjects a person to undue burden." Fed. R. Civ.P. 45(d)(3)(A)(iv).

Both Parties dispute whether or not Martinrea was advised of Mr. Boren's role in Gonzalez's claimed damages before the close of discovery. *Compare* Dkt. No. 157 at 2 (stating that Martinrea didn't know of Mr. Boren's role in the damages until more three months after the

close of discovery), *with* Dkt. No. 162 at 5-6 (noting that Mr. Boren was at a settlement meeting with Martinrea as a financial backer of Gonzalez in October 2012, financial documentation evidencing Mr. Boren's loan was produced prior to the discovery deadline, and Gonzalez purportedly identified all of the documents gathered as its damage report).

However, the Court is not particularly interested in the back-and-forth between the Parties regarding whether Martinrea knew of Mr. Boren's role in the damages. Instead, the Court is more interested in why Martinrea feels "[f]undamental fairness dictates" that they should be able to depose Mr. Boren about Mr. Simon's damages calculation. *See* Dkt. No. 157 at 4. The Court finds this contention to be dubious; especially after discovery has closed and this Court has just adjourned trial to allow Martinrea to review Mr. Simon's report in depth, and re-depose Larry Simon about his damages calculation. *See Gonzalez Prod. Sys*, 2015 WL 348710, at *7.

As Gonzalez points out, "Mr. Boren would do nothing more than address the same facts about Gonzalez's finances and the terms of his loan that can be more efficiently addressed by reference to the transaction documents, through Mr. Simon, or even through Mr. Gonzalez." Dkt. No. 162 at 7. Martinrea has until April 7, 2015 to depose Larry Simon about how the loan provided by Mr. Boren was used by Mr. Simon to reach the $6 million damage figure. In that deposition Martinrea will be able to delve deep into the details of Mr. Simon's report and question the methods used by Mr. Simon. If the deposition reveals that Mr. Simon's methods are questionable or improper, the Court will be more than willing to listen to the arguments Martinrea plans to advance for precluding Mr. Simon's report and opinions under a *Daubert* analysis and Rule 702 of the Federal Rules of Evidence. *See* Dkt. No. 157 at 12 n.1.[1]

---

[1] The Court would like to remind Martinrea to provide Judge's Copies when it submits its papers to preclude Mr. Simon's testimony. *See Gonzalez Prod. Sys*, 2015 WL 348710, at *8 ("A paper copy of electronically filed [papers] . . . MUST be delivered directly to the Judge's chambers and labeled Judge's copy.").

However, the Court has already amended the Scheduling Order twice.  Furthermore, the Court has provided Martinrea considerable time to delve through every line of Mr. Simon's report and the report's supporting documentation to conduct an in-depth deposition of Mr. Simon.  Accordingly, the Court will **GRANT** Gonzalez's Motion to Quash Martinrea's Discovery Subpoena to Leland Boren [#154] because Martinrea has not demonstrated good cause to reopen discovery. *See Buchanan v. Am. Motors Corp.*, 697 F.2d 151, 152 (6th Cir. 1983) (noting that the district court did not abuse its discretion in quashing a subpoena *duces tecum* on grounds that it is unreasonably burdensome because "the witness was not being called because of observations or knowledge concerning the facts of the accident and injury in litigation or because no other expert witnesses are available."); *Thomas v. City of Cleveland*, 57 F. App'x 652, 654 (6th Cir. 2003) ("We find no abuse of discretion because the district court granted two extensions . . . and, after the second extension, warned plaintiff that no further extensions would be granted."); Fed. R. Civ. P. 45(d)(3)(A)(iv) (stating that, upon a timely motion, the Court *must* quash a subpoena that "subjects a person to undue burden.").

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES** Gonzalez's Motion Regarding Trial Witnesses [#153] **WIHTOUT PREJUDICE**, and **GRANTS** Gonzalez's Motion to Quash Martinrea's Discovery Subpoena to Leland Boren [#154].

SO ORDERED.

Dated: February 27, 2015

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge