UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GONZALEZ PRODUCTION SYSTEMS, INC.,

   Plaintiff/Counter-Defendant,

v.

MARTINREA INTERNATIONAL INC.,

   Defendant,

MARTINREA HEAVY STAMPINGS INC.,

   Defendant/Counter-Plaintiff.
_____/

Case No. 13-cv-11544

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER CONCERNING USE OF 30(B)(6)
VIDEO DEPOSITIONS AS EVIDENCE AT TRIAL**

**I. INTRODUCTION**

At the Final Pretrial Conference, it came to the Court's attention that Martinrea International Inc. and Martinrea Heavy Stampings, Inc. (collectively "Martinrea"), seek to admit into evidence video deposition excerpts of witnesses who testified as Gonzalez Production Systems, Inc.'s ("Gonzalez") Rule 30(b)(6) witnesses. Specifically, Martinrea states that "in lieu of calling all six of Gonzalez's designees to testify at trial," it should be able to freely "use video clips of admissions from the depositions of Gonzalez's 30(b)(6) designees." Dkt. No. 233 at 2-3.

As indicated at the Final Pretrial Conference, the Court will deny Martinrea's request for the use of video depositions during opening statements. Moreover, after reviewing the matter and applicable law in detail, the Court will further prescribe the use of the video depositions in the free fashion Martinrea seeks. Specifically, the Court will only permit the use of the video depositions for impeachment purposes. An explanation of the Court's reasoning is below.

-1-

## II. DISCUSSION

In order to use the deposition video freely throughout trial, Martinrea relies on two primary rules from the Federal Rules of Civil Procedure: Rule 30(b)(6) and Rule 32(a)(3). Rule 30(b)(6) provides as follows:

> ***Notice or Subpoena Directed to an Organization.*** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

FED. R. CIV. P. 30(b)(6). Rule 32(a)(3) (formerly Rule 32(a)(2), until the 2007 amendments) addresses the use of a Rule 30(b)(6) deposition, as follows:

> ***Deposition of Party, Agent, or Designee.*** An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

Fed. R. Civ. P. 32(a)(3). The interplay between these two rules provides a rather ambiguous and potentially powerful tool for litigants, as the plain language indicates that a party can use the depositions of Rule 30(b)(6) designees "for any purpose." However, there is a split of authority as to *when*—and even *how*—a party can use the depositions of Rule 30(b)(6) designees at trial. *See Estate of Thompson v. Kawasaki Heavy Indus., Ltd.*, 291 F.R.D. 297, 303-06 (N.D. Iowa 2013) (conducting a thorough analysis of the varying views and interpretations of the interplay between Rule 32(a) and Rule 30(b)(6), the hearsay rules, and Rules 611 and 403).

For example, as a threshold matter and though it has not been briefed extensively, the Court has questioned the extent that the Rule 30(b)(6) testimony in this case actually binds the corporation. *See Estate of Thompson*, 291 F.R.D.at 303-04 (citing *A.I. Credit Corp. v. Legion*

*Ins. Co.,* 265 F.3d 630, 637 (7th Cir. 2001), and cases cited therein to note that some courts have found that a Rule 30(b)(6) witness does not necessarily bind the corporation). *But see id.* (citing, amongst other cases, *New Jersey v. Sprint Corp.,* No. 03–2071–JWL, 2010 WL 610671, *1 (D. Kan. Feb. 19, 2010), to note that other courts, including the Court in *Estate of Thompson*, found that "statements in a Rule 30(b)(6) deposition are binding on the corporation[.]").

      The Court points this out to show that this issue is not as clear-cut as Martinrea makes it seem. Indeed, there are courts in this District who have pushed back against the idea that 30(b)(6) testimony constitutes a judicial admission. *See Dow Corning Corp. v. Weather Shield Mfg., Inc.*, No. 09-10429, 2011 WL 4506167, at *4 (E.D. Mich. Sept. 29, 2011) (Ludington, J.) (citing *State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.,* 250 F.R.D. 203 (E.D. Pa. 2008), to note that while "the deposition testimony of an organization's designee is 'binding' in the sense that it is admissible against the organization, it is not akin to a judicial admission that conclusively establishes a fact and estops the organization from producing other evidence."); *Whitesell Corp. v. Whirlpool Corp.,* 2009 WL 3672751, at *1 (W.D. Mich. Oct.30, 2009) (Bell, J.) (citing cases for the proposition that the Rule 30(b)(6) designee's testimony is not tantamount to a judicial admission; the testimony may be altered and then may be "explained or explored through cross-examination as to why the opinion or statement was altered.").

      More to the point, regarding the use of the 30(b)(6) freely as Martinrea seeks to use the testimony, the Court notes that there is similarly a split of authority regarding the use of 30(b)(6) deposition testimony when the witness is live and available to testify at trial. *See Estate of Thompson*, 291 F.R.D.at 305 (citing, amongst other cases, *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006), for the proposition that "though Federal Rule of Civil Procedure 32(a)(2) 'permits a party to introduce the deposition of an adversary as part of his

substantive proof regardless of the adversary's availability to testify at trial,' district courts are reluctant to allow the reading into evidence of the rule 30(b)(6) deposition if the witness is available to testify at trial, and such exclusion is usually deemed harmless error.") (citations omitted). *But see id.* at 305-06 (citing, amongst other cases, *Northern Ins. Co. of N.Y. v. Albin Mfg., Inc.,* C.A. No. 06–190–S, 2008 WL 3285852, *3 n. 4 (D.R.I. Aug. 8, 2008), to argue that the "[m]ore consistent with the plain meaning of the "for any purpose" language of Rule 32(a)(3), in [that court's] view, are cases overruling objections to the use of Rule 30(b)(6) depositions at trial, notwithstanding the availability of the Rule 30(b)(6) witness to testify live.").

Again, the Court points this out to show that this issue is not as clear-cut as Martinrea makes it seem. To the contrary, this Court "has broad discretion in handling these matters [concerning use of depositions pursuant to Rule 32]," and appellate courts are generally "hesitant to reverse 'unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness[.]'" *Lear v. Equitable Life Assur. Soc'y of U.S.,* 798 F.2d 1128, 1135 (8th Cir.1986) (quoting *Voegeli v. Lewis,* 568 F.2d 89, 96 (8th Cir. 1977), and citing *Phil Crowley Steel Corp. v. Macomber, Inc.,* 601 F.2d 342, 344 (8th Cir. 1979)).

Keeping in mind the broad discretion that this Court possesses, and after reviewing the plain language of the statute, this Court agrees with the courts that have found that "[w]hen given effect, Rule 32(a)(3) precludes an opposing party from presenting the deposition of a party or its agent *at trial* as opposed to calling such individual to provide direct testimony." *Johnson v. Dunkin' Donuts Franchising L.L.C.*, No. CIV.A. 11-1117, 2014 WL 2931379, at *22 (W.D. Pa. June 30, 2014) *aff'd*, 610 F. App'x 208 (3d Cir. 2015) (emphasis in original).

Rule 32(a)(3) says that 30(b)(6) depositions "may" be used "for any purpose," but nothing in the statute indicates that they may be used *at any time* or *in any manner* as a party

-4-

sees fit. To permit such a course would undermine the general "preference for live testimony" and the "importance of cross-examination[.]" *White v. Illinois*, 502 U.S. 346, 356, 112 S. Ct. 736, 116 L. Ed. 2d 848 (1992). Moreover, to allow this to happen would undermine this Court's ability to efficiently run this trial. For example, just because the testimony that Martinrea seeks to use during the opening statement is arguably subject to a "freestanding" hearsay exception, *see Estate of Thompson*, 291 F.R.D. at 306, it is rather clear that Rule 32(a)(3) would only satisfy one layer of "'double hearsay' or 'hearsay within hearsay' testimony within the meaning of Rule 805 of the Federal Rules of Evidence[.]" *Id.* at 308. Thus, Martinrea would need to ensure that all levels of hearsay are satisfied for each statement before producing such testimony. Additionally, pursuant to Rule 602, Martinrea would need to solidify that each statement it seeks to play via video deposition is actually admissible testimony—for example, Martinrea would have to demonstrate that the witness had personal knowledge.

It cannot be argued that this Court does not have "broad discretion in determining the manner in which it conducts trial[.]" *United States v. Henderson*, No. 94-5645, 1995 WL 122785, at *11 (6th Cir. Mar. 21, 1995) [50 F.3d 11 (Table) ] (unpublished). It is not readily clear how Martinrea can randomly and freely use these video depositions in an efficient manner without belaboring the trial process. Indeed, Martinrea will likely get a variant of a hearsay objection at every turn from Gonzalez at trial considering the fact that the witnesses will be there to testify live at trial. *See* Dkt. No. 234 at 4 (outlining Gonzalez's concerns pursuant to the Federal Rules of Evidence). This doesn't even get to the fact that there may be additional concerns and objections for each video snippet under Rule 611 and 403 of the Federal Rules of Evidence. The Court will not even address those concerns in detail, because the Court will simply not allow these video depositions to be used when the witnesses are available to testify.

### III. CONCLUSION

For the foregoing reasons, the Court will allow video depositions to be used for impeachment purposes only. The Court emphasizes that it has broad discretion in making this decision and that there cannot be any serious concerns about "fundamental unfairness," *Lear,* 798 F.2d at 1135, because the Court was primed to handle this issue during the many motions *in limine* that were filed, but Martinrea indicated that this issue—the requirement of live testimony where available—"'is a non-issue.'" *Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-CV-11544, 2015 WL 4934628, at *16 (E.D. Mich. Aug. 18, 2015) (quoting Maritnrea's brief at Dkt. No. 210 at 19); *see also id.* (citing Dkt. No. 156-2, which is a detailed agreement for live appearance of witnesses has already been worked out by the parties for trial).

IT IS SO ORDERED.

Dated: September 15, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge