UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GONZALEZ PRODUCTION SYSTEMS, INC.,

        Plaintiff,

        v.

MARTINREA INTERNATIONAL INC., and
MARTINREA HEAVY STAMPINGS INC.,

        Defendants.
                                    /

Case No. 13-cv-11544

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT [288]
AS MOOT**

**I. INTRODUCTION**

Gonzalez Production Systems, Inc. ("Plaintiff") commenced this action on April 4, 2013 against Martinrea International Inc., and Martinrea Heavy Stamping, Inc. ("Defendants"). *See* Dkt. No. 1. The case was tried by a jury and a verdict was issued on October 22, 2015. *See* Dkt. No. 267. Before the Court now is Defendants' Motion for Entry of Judgment. *See* Dkt. No. 288. For the reasons discussed herein, the Court will **DENY** the Motion as **MOOT**.

**II. BACKGROUND**

A jury rendered a verdict on this case on October 22, 2015. *See* Dkt. No. 267. In the Special Verdict, the jury found that both Plaintiff and the Defendants were in breach of their contract. *Id.* (Pg. ID No. 8863). The jury found that Plaintiff owed $5,665,564.74 to Defendants. *Id.* The Defendants, on the other hand, were found to only owe $3,650,765.89 to Plaintiff. *Id.* at 2 (Pg. ID No. 8864). The net difference is $2,014,798.85 to be paid to the Defendants.

On October 29, 2015, Defendants prepared a judgment and requested Plaintiff's approval for joint submission to the Court for entry. Dkt. No. 288 at 2 (Pg. ID No. 12464); *see also* Def. Exhibit B. The next day, Plaintiff refused to jointly present the proposed judgment for four reasons:

> [1] Martinrea's 10-29-15 proposed Judgment omits any reference to the jury's verdicts on the various counts and improperly references only a "net" judgment amount.
>
> [2] Martinrea's 10-29-15 proposed Judgment does not reflect the jury's finding that "Martinrea made a promise to pay Gonzalez for one or more items that were not addressed in the parties' contract."
>
> [3] Martinrea's 10-29-15 proposed Judgment does not explicitly refer to the set-off between the jury's two damages awards.
>
> [4] Martinrea's 10-29-15 proposed Judgment improperly awards costs to Martinrea.
>
> [5] Martinrea's 10-29-15 proposed Judgment refers to "post-judgment interest as allowed by law." Gonzalez would like it specified that post-judgment interest accrues "at the rate and in the manner provided in 28 U.S.C. § 1961" so that any further disputes about what law applies to computation of post-judgment interest can be obviated.
>
> [6] With regard to the computation of pre-judgment interest, Gonzalez re-computed the interest calculations and arrived at figures that were lower than those included in Martinrea's 10-29-15 proposed Judgment.

*See* Def. Exhibit D.

On November 5, 2015 counsel for the parties participated in a conference call where counsel for Plaintiff revealed that the pre-judgment interest calculation was $52.59 lower than Defendants'. Dkt. No. 288 at 4 (Pg. ID No. 12466). Defendants agreed to reduce its pre-judgment interest calculation by $52.59. *Id.* Additionally, Defendants agreed to stipulate to Plaintiff's request that the judgment specify that post-judgment interest accrue "at the rate and in

the manner provided in 28 U.S.C. § 1961." *Id.* Defendants further agreed to revise its proposed judgment to state "without costs to any party." *Id.* at 5 (Pg. ID No. 12467).

Despite Defendants' concessions, the parties were still unable to reach an agreement on a Judgment form.

### III. DISCUSSION

The lone issue before the court is the language to be included in the Judgment. Plaintiff seeks to include language referencing the Jury's findings on specific claims. *See* Dkt. No. 290 at 6–7 (Pg. ID No. 12533). Defendants argue that to reference the verdict forms would violate Rule 58.

Federal Rule of Civil Procedure 58 reads that "[e]very judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58. "This rule was 'intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely.' " *Innovation Ventures, LLC v. N2G Distributing, Inc.*, 763 F.3d 524, 543 (6th Cir. 2014) (quoting *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 (1978)).

A judgment should "be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion." *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994); *see also Dudley ex rel. Estate of Patton v. Penn-America Ins. Co.*, 313 F.3d 662, 670 (2nd Cir. 2002) ("Consistent with this view, I believe the separate-document rule requires that one be able to discern the elements of a final, appealable judgment from the face of the separate document (labeled "Judgment"), without reference to any court papers or pleadings.").

Some courts however, have held that to include legal reasoning in a judgment would not violate Rule 58, but only as long as the included reasoning was sparse. *See Kidd v. District of Columbia*, 206 F.3d 35, 39 (D.C. Cir. 2000) ("Our decision in *Diamond* itself endorses decisions of other circuits allowing inclusion of at least one citation to legal authority and at least a one-sentence explanation of the court's reasoning. We said that 'at some point, the inclusion of legal reasoning and authority makes an order into a combined decision and order,' confirming that some explanation is acceptable—so long as it is very sparse.") (quoting *Diamond by Diamond v. McKenzie*, 770 F.2d 225, 230 (D.C. Cir. 1985) (citations omitted)). It does not appear the Sixth Circuit has had cause to weigh in on this topic.

Neither proposed judgment brought by the parties runs afoul of these principles. However, the Court will fashion its own judgment for the parties.

### IV. CONCLUSION

For the reasons discussed herein, the Court will enter its own Judgment, and **DENY** Defendants' Motion for Entry of Judgment as **MOOT**.

IT IS SO ORDERED.

Dated: January 7, 2016 /s/Gershwin A Drain
Detroit, MI HON. GERSHWIN A. DRAIN
United States District Court Judge